## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                 Criminal No. 16-127 (DWF/LIB)

            Plaintiff,

v.                                               **ORDER ADOPTING REPORT**
                                                   **AND RECOMMENDATION**

Jared Daniel Jones,

            Defendant.

This matter is before the Court upon Defendant Jared Daniel Jones' Objections (Doc. No. 66) to Magistrate Judge Leo I. Brisbois' July 28, 2016 Report and Recommendation (Doc. No. 54). The Report and Recommendation recommends that this Court: (1) deny Jones' motion to suppress DNA evidence collected using a buccal swab; (2) deny Jones' motion to suppress statements to the extent it seeks suppression of statements made during interviews on February 8, 2016, and February 10, 2016; and (3) grant Jones' motion to suppress statements to the extent it seeks suppression of statements made during an interview on April 5, 2016. (Doc. No. 54.) Jones objects only to the portion of the Report and Recommendation that recommends denial of his motion to suppress statements made during the February 8, 2016 and February 10, 2016 interviews. (Doc. No. 66 at 2.)

Magistrate Judge Brisbois' Report and Recommendation sets forth in detail the factual background relevant to this case, and that background is incorporated by reference for purposes of Jones' Objections. Still, the Court briefly summarizes the background of

the case. On February 8, 2016, law enforcement arrested Jones, pursuant to a Red Lake tribal warrant in an unrelated case, and transported him to the Red Lake Detention Center. There, FBI Special Agent Christopher Dudley and Criminal Investigator Jeffrey Pierre interviewed Jones regarding the charges at issue in this case. Dudley and Pierre interviewed Jones on three occasions: February 8, 2016; February 10, 2016; and April 5, 2016.

On February 8, 2016, prior to questioning Jones, Dudley orally advised Jones of his *Miranda* rights and gave Jones an Advice of Rights form with a written waiver of rights, which Jones signed. When Dudley gave the Advice of Rights form to Jones, he told Jones to review the form to make sure Dudley had not "missed anything." Dudley did not ask Jones if he could read and understand the Advice of Rights form. Near the end of the interview, Jones told Dudley that he needs family members to help him and cannot do things on his own.

On February 10, 2016, Dudley did not orally advise Jones of his *Miranda* rights but once again provided Jones with an Advice of Rights form with a written waiver of rights, which Jones signed. Before Jones signed, Dudley referred to the form and written waiver as "paperwork." Again, Dudley did not ask Jones if he could read and understand the Advice of Rights form.

According to Jones, the Government has failed to establish that Jones knowingly and intelligently waived his *Miranda* rights before making statements to law enforcement on February 8, 2016, and February 10, 2016. The Court disagrees. Under *Miranda v.*

*Arizona*, 384 U.S. 436, 444 (1966), the government may not introduce statements made by a defendant during a custodial interrogation unless the defendant has previously been advised that he has a right to remain silent, that any statement he makes may be used against him, and that he has a right to the presence of an attorney.  A defendant may waive these rights, so long as the waiver is:  (1) voluntary; and (2) knowing and intelligent.  *Miranda*, 384 U.S. at 444; *see also Moran v. Burbine*, 475 U.S. 412, 421 (1986).  A waiver is knowing and intelligent if it is "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  *Moran*, 475 U.S. at 421.  The government has the burden of establishing waiver by a preponderance of the evidence.  *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).  That is, the defendant is entitled to a presumption that he did not waive his rights.  *Tague v. Louisiana*, 444 U.S. 469, 470-71 (1980).

Here, although Jones enjoys a presumption that he did *not* knowingly and intelligently waive his *Miranda* rights, the Government has rebutted that presumption.  On February 8, 2016, Dudley orally advised Jones of his rights, provided Jones with a written Advice of Rights form with a written waiver, gave Jones time to read the form and waiver, and reiterated that the interview was voluntary.  Dudley did not instruct Jones to sign the waiver included in the Advice of Rights form.  Rather, Jones signed on his own initiative, giving no indication that he could not read the form or did not understand his rights or the meaning of his signature.  On February 10, 2016, Dudley provided Jones with the Advice of Rights form and waiver, told Jones that it was the same as the form

3

Jones received on February 8, 2016, and gave Jones time to review the form. Again, Jones signed the form.

While Jones has presented some evidence that weighs against a finding of knowing and intelligent waiver,[1] the Court concludes that, given the totality of the circumstances, the preponderance of the evidence establishes that Jones knowingly and intelligently waived his *Miranda* rights before giving statements on both February 8, 2016, and February 10, 2016. As such, the Court overrules Jones' objections to Magistrate Judge Brisbois' Report and Recommendation.

## ORDER

Based upon the Court's *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Defendant Jared Daniel Jones' Objections to the Report and Recommendation (Doc. No. [66]) are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's July 28, 2016 Report and Recommendation (Doc. No. [54]) is **ADOPTED**.

---

[1] Most notably, Jones stresses that on February 10, 2016, Dudley did not orally advise Jones of his *Miranda* rights. While the Court finds that the specific facts of this case, in their totality, do not warrant suppression of Jones' February 10, 2016 statements, the Court notes that clearly and repeatedly explaining a defendant's *Miranda* rights—both orally and in writing—can ensure that criminal defendants understand their rights before waiving them. Indeed, as *Miranda* explained, "[t]he requirement of warnings and waiver of rights is . . . fundamental with respect to the Fifth Amendment privilege and not simply a preliminary ritual to existing methods of interrogation." *Miranda*, 384 U.S. at 476.

3. Defendant Jared Daniel Jones' Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [37]) is **DENIED**.

4. Defendant Jared Daniel Jones' Motion to Suppress Statements, Admissions, and Answers (Doc. No. [38]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Motion is **GRANTED** to the extent that it requests suppression of statements Jones made during the interview on April 5, 2016.

    b. The Motion is **DENIED** to the extent that it requests suppression of statements Jones made during the interviews on February 8, 2016, and February 10, 2016.

Dated:  September 19, 2016         s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge